# STATE OF TENNESSEE
## THE CHANCERY COURT OF POLK COUNTY, TENNESSEE

### SUMMONS

CIVIL ACTION NUMBER  2013-CV-14

**KRISTEN SOTO**              VS.    **AMES RUBBER MANUFACTURING CO. INC.**

Registered Agent: Terry Wright

_____          _____
Plaintiff (s)                                                  Defendant (s)

To the above-named defendant (s): **Registered Agent: Terry Wright, 874 Postelle Road, Ducktown, Tennessee 37326**

You are hereby summoned and required to serve upon **Wilton Marble, Attorney**, Plaintiff's attorney, whose address is **201 1st Street, 2nd Floor, Cleveland, TN 37311** a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 4 day of April, 2013

_____          _____
Clerk & Master                                                 Deputy Clerk

[SEAL: CHANCERY COURT POLK COUNTY, TENN.]

### RETURN

I received this summons on the ____ day of _____, 20____.

I:

[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____

[ADA FOR ASSISTANCE CALL 423-338-4522]

Process Server _____

### NOTICE

**TO THE DEFENDANT(S):**
Tennessee law provides a four thousand dollar ($4000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of the these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

**EXHIBIT 1**

IN THE CHANCERY COURT OF POLK COUNTY, TENNESSEE

| | |
|---|---|
| KRISTEN SOTO<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| TERRY WRIGHT, JONAH WRIGHT<br>& AMES RUBBER MANUFACTURING<br>CO. INC.<br>    Defendants | )<br>)<br>)<br>)<br>) |

FILED 4:30 PM
APR 04 2013
Kimberly A. Ingram, Clerk & Master
By _____ D.C.
NO.: 2013-CV-14

## COMPLAINT

Comes now the Plaintiff, Kristen Soto, and for her cause of action against the Defendants states as follows:

1. Plaintiff is a citizen and resident of Polk County, Tennessee.

2. Upon information and belief Defendants Terry Wright and Jonah Wright are citizens and residents of Fannin County, Georgia.

3. Upon information and belief Defendant Ames Rubber Manufacturing Co. Inc. is a California based corporation with a business address of 4516 Brazil Street, Los Angeles, California 90039-1035.

4. Defendant Ames Rubber Manufacturing Co. Inc. does business in the State of Tennessee with a manufacturing facility located at 874 Postelle Road, Ducktown, Tennessee 37326.

5. Defendant Ames Rubber Manufacturing Co. Inc. maintains a Registered Agent for Service of Process in Tennessee with an address of: Terry Wright, 874 Postelle Road, Ducktown, Tennessee 37326.

6. Plaintiff maintains that this Court has personal jurisdiction over these foreign Defendants pursuant to the Tennessee Long-Arm Statute as the acts complained

of occurred in this State and all three Defendants have significant contacts with this State.

7. The acts complained of occurred at 874 Postelle Road, Ducktown, Polk County, Tennessee and thus pursuant to T.C.A. §20-4-102, T.C.A. §20-4-104 & T.C.A. §20-4-106 venue is proper in Polk County, Tennessee.

8. Defendant Ames Rubber Manufacturing Co. Inc. employs more than 8 people.

9. On or about March 2012 Plaintiff was hired, as an employee, by Defendant Ames Rubber Manufacturing Co. Inc.

10. Defendants Terry Wright and Jonah Wright were also employees of Ames Rubber Manufacturing Co. Inc at this time. Terry Wright was the general manager of the Ducktown manufacturing facility and had actual supervisory authority over Plaintiff. Jonah Wright was the supervisor of the Shipping Department on the Ducktown manufacturing facility and had actual or apparent supervisory authority over the Plaintiff. Defendant Jonah Wright is the son of Defendant Terry Wright.

11. On or about May 2012 Defendant Jonah Wright began a pattern of sexual harassment directed at the Plaintiff making lewd comments to her and repeatedly asking her for sexual favors. Specifically, Defendant Jonah Wright gave Plaintiff his cell phone and directed her to go to the bathroom and take a picture of her bare breasts for him. Plaintiff refused and then Defendant Jonah Wright asked Plaintiff to give him a "blowjob".

12. Plaintiff rebuffed these advances but Defendant Jonah Wright thereafter continued this conduct, on several occasions asking the Plaintiff to give him a "blowjob". Plaintiff rebuffed these advances and Defendant Jonah Wright told

her, "I am going to make your life hell until you leave here. I am the cock of the walk in case you ain't noticed".

13. Thereafter, Plaintiff reported this conduct to Defendant Terry Wright who was the general manager of the Ducktown manufacturing facility.

14. Defendant Terry Wright took no action to put an end to the conduct of his son. Instead Defendant Terry Wright stated to Plaintiff that Plaintiff "could not take a joke" and that Plaintiff should apologize to Jonah Wright.

15. Plaintiff maintains that she did nothing to incite or encourage this harassment and she avers that it was based upon her sex and affected the terms and conditions and privileges of her employment, thereby creating a hostile work environment in violation of the Tennessee Human Rights Act.

16. Plaintiff maintains that the harassment continued and that Defendants retaliated against her for reporting this harassment: by refusing to give her the tools to do her job and then castigating her for failing to do it, by timing her job performance and giving her only 5 seconds to complete a task when none of the other employees (even those doing the same task) were timed, by encouraging the other employees to shun her (all but one refused to talk to her after she reported the harassment), by walking away from her saying nothing when she would ask a question about how to do a particular task and then castigating her if she did it wrong and finally by reassigning her to a more menial position and refusing to instruct her on how to perform job tasks of this new position and then terminating her for not doing the job properly on or about June 22, 2012.

17. In the alternative Plaintiff maintains that she was constructively discharged on or about June 22, 2012.

18. As a direct and proximate result of the sexual harassment which Plaintiff had to undergo she was humiliated and embarrassed, and the unrelenting pursuit of her by Defendant Jonah Wright, over her protests and admonitions, caused her to suffer much mental and physical anxiety and pain.

19. Further as a result of the Defendants' collective sexual harassment and failure to correct the same, Plaintiff lost her job, which was paying her approximately $1,300 per month, and further lost the employee benefits she would have been receiving shortly thereafter.

20. Plaintiff attempted to mitigate her damages by searching for other work. The only job she was able to find required that she drive approximately 45 minutes to get to work, paid only minimum wage, offered only part-time hours and offered no benefits. This was not economical and after a short time Plaintiff resigned. Plaintiff has not been able to find full time employment in her area since.

21. Plaintiff avers that she is entitled to be reinstated at her former job or in a comparable job not under the supervision of Jonah Wright or Terry Wright or, in the alternative; she is entitled to "front pay" in lieu of reinstatement.

22. Plaintiff avers that pursuant to T.C.A. § 4-21-306(a)(8), in addition to her actual/compensatory damages and damages for humiliation and embarrassment, she is entitled to recover reasonable attorney's fees, for which she makes a claim.

23. Plaintiff has also timely filed a claim with the EEOC for violation of Title VII of the U.S. Code.

WHEREFORE, Plaintiff demands judgment against the Defendants for lost wages and the value of all employment benefits which she has lost since June 22, 2012, that the Court award the

Plaintiff "front pay" and benefits in lieu of reinstatement to her old job and damages for humiliation and embarrassment, pain and suffering, emotional distress, attorney's fees as provided by law, and such further legal and equitable relief to which she may be entitled.

RESPECTFULLY SUBMITTED this 2nd day of March, 2013.

_____
KRISTEN SOTO Plaintiff

_____
WILTON MARBLE, BPR #028513
*Attorney for the Plaintiff*
201 1st Street NW, 2nd Floor
Cleveland, TN 37311
(423) 476-4708

## COST BOND

We, the undersigned Principal and Surety, do hereby acknowledge ourselves as security for the costs of this cause, not to exceed $1,000.00.

_____
KRISTEN SOTO Plaintiff - PRINCIPAL

_____
WILTON MARBLE, SURETY

# STATE OF TENNESSEE
# THE CHANCERY COURT OF POLK COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION NUMBER 2013-CV-14

KRISTEN SOTO     VS.     TERRY WRIGHT

Plaintiff (s)                          Defendant (s)

To the above-named defendant (s): **Terry Wright, 874 Postelle Road, Ducktown, Tennessee 37326**

You are hereby summoned and required to serve upon **Wilton Marble, Attorney**, Plaintiff's attorney, whose address is **201 1st Street, 2nd Floor, Cleveland, TN 37311** a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 4 day of April, 2013.

_Kim Ingram_
Clerk & Master

_[signature]_
Deputy Clerk

## RETURN

I received this summons on the ____ day of _____, 20____.

I:

[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

ADA FOR ASSISTANCE CALL 423-338-4522

Process Server _____

## NOTICE

**TO THE DEFENDANT(S):**
Tennessee law provides a four thousand dollar ($4000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of the these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CHANCERY-SUMMONS (11/03)

IN THE CHANCERY COURT OF POLK COUNTY, TENNESSEE

| | |
|---|---|
| KRISTEN SOTO ) | APR 0 4 2013 |
| Plaintiff ) | |
| ) | Kimberly A. Ingram, Clerk & Master |
| v. ) | By_____ D.C. |
| ) | |
| TERRY WRIGHT, JONAH WRIGHT ) | |
| & AMES RUBBER MANUFACTURING ) | NO.: 2013-CV-14 |
| CO. INC. ) | |
| Defendants ) | |

## COMPLAINT

Comes now the Plaintiff, Kristen Soto, and for her cause of action against the Defendants states as follows:

1. Plaintiff is a citizen and resident of Polk County, Tennessee.

2. Upon information and belief Defendants Terry Wright and Jonah Wright are citizens and residents of Fannin County, Georgia.

3. Upon information and belief Defendant Ames Rubber Manufacturing Co. Inc. is a California based corporation with a business address of 4516 Brazil Street, Los Angeles, California 90039-1035.

4. Defendant Ames Rubber Manufacturing Co. Inc. does business in the State of Tennessee with a manufacturing facility located at 874 Postelle Road, Ducktown, Tennessee 37326.

5. Defendant Ames Rubber Manufacturing Co. Inc. maintains a Registered Agent for Service of Process in Tennessee with an address of: Terry Wright, 874 Postelle Road, Ducktown, Tennessee 37326.

6. Plaintiff maintains that this Court has personal jurisdiction over these foreign Defendants pursuant to the Tennessee Long-Arm Statute as the acts complained

of occurred in this State and all three Defendants have significant contacts with this State.

7. The acts complained of occurred at 874 Postelle Road, Ducktown, Polk County, Tennessee and thus pursuant to T.C.A. §20-4-102, T.C.A. §20-4-104 & T.C.A. §20-4-106 venue is proper in Polk County, Tennessee.

8. Defendant Ames Rubber Manufacturing Co. Inc. employs more than 8 people.

9. On or about March 2012 Plaintiff was hired, as an employee, by Defendant Ames Rubber Manufacturing Co. Inc.

10. Defendants Terry Wright and Jonah Wright were also employees of Ames Rubber Manufacturing Co. Inc at this time. Terry Wright was the general manager of the Ducktown manufacturing facility and had actual supervisory authority over Plaintiff. Jonah Wright was the supervisor of the Shipping Department on the Ducktown manufacturing facility and had actual or apparent supervisory authority over the Plaintiff. Defendant Jonah Wright is the son of Defendant Terry Wright.

11. On or about May 2012 Defendant Jonah Wright began a pattern of sexual harassment directed at the Plaintiff making lewd comments to her and repeatedly asking her for sexual favors. Specifically, Defendant Jonah Wright gave Plaintiff his cell phone and directed her to go to the bathroom and take a picture of her bare breasts for him. Plaintiff refused and then Defendant Jonah Wright asked Plaintiff to give him a "blowjob".

12. Plaintiff rebuffed these advances but Defendant Jonah Wright thereafter continued this conduct, on several occasions asking the Plaintiff to give him a "blowjob". Plaintiff rebuffed these advances and Defendant Jonah Wright told

her, "I am going to make your life hell until you leave here. I am the cock of the walk in case you ain't noticed".

13. Thereafter, Plaintiff reported this conduct to Defendant Terry Wright who was the general manager of the Ducktown manufacturing facility.

14. Defendant Terry Wright took no action to put an end to the conduct of his son. Instead Defendant Terry Wright stated to Plaintiff that Plaintiff "could not take a joke" and that Plaintiff should apologize to Jonah Wright.

15. Plaintiff maintains that she did nothing to incite or encourage this harassment and she avers that it was based upon her sex and affected the terms and conditions and privileges of her employment, thereby creating a hostile work environment in violation of the Tennessee Human Rights Act.

16. Plaintiff maintains that the harassment continued and that Defendants retaliated against her for reporting this harassment: by refusing to give her the tools to do her job and then castigating her for failing to do it, by timing her job performance and giving her only 5 seconds to complete a task when none of the other employees (even those doing the same task) were timed, by encouraging the other employees to shun her (all but one refused to talk to her after she reported the harassment), by walking away from her saying nothing when she would ask a question about how to do a particular task and then castigating her if she did it wrong and finally by reassigning her to a more menial position and refusing to instruct her on how to perform job tasks of this new position and then terminating her for not doing the job properly on or about June 22, 2012.

17. In the alternative Plaintiff maintains that she was constructively discharged on or about June 22, 2012.

18. As a direct and proximate result of the sexual harassment which Plaintiff had to undergo she was humiliated and embarrassed, and the unrelenting pursuit of her by Defendant Jonah Wright, over her protests and admonitions, caused her to suffer much mental and physical anxiety and pain.

19. Further as a result of the Defendants' collective sexual harassment and failure to correct the same, Plaintiff lost her job, which was paying her approximately $1,300 per month, and further lost the employee benefits she would have been receiving shortly thereafter.

20. Plaintiff attempted to mitigate her damages by searching for other work. The only job she was able to find required that she drive approximately 45 minutes to get to work, paid only minimum wage, offered only part-time hours and offered no benefits. This was not economical and after a short time Plaintiff resigned. Plaintiff has not been able to find full time employment in her area since.

21. Plaintiff avers that she is entitled to be reinstated at her former job or in a comparable job not under the supervision of Jonah Wright or Terry Wright or, in the alternative; she is entitled to "front pay" in lieu of reinstatement.

22. Plaintiff avers that pursuant to T.C.A. § 4-21-306(a)(8), in addition to her actual/compensatory damages and damages for humiliation and embarrassment, she is entitled to recover reasonable attorney's fees, for which she makes a claim.

23. Plaintiff has also timely filed a claim with the EEOC for violation of Title VII of the U.S. Code.

WHEREFORE, Plaintiff demands judgment against the Defendants for lost wages and the value of all employment benefits which she has lost since June 22, 2012, that the Court award the

Plaintiff "front pay" and benefits in lieu of reinstatement to her old job and damages for humiliation and embarrassment, pain and suffering, emotional distress, attorney's fees as provided by law, and such further legal and equitable relief to which she may be entitled.

RESPECTFULLY SUBMITTED this 2nd day of March, 2013.

_/s/ Kristen Soto_
KRISTEN SOTO, Plaintiff

_/s/ Wilton Marble_
WILTON MARBLE, BPR #028513
*Attorney for the Plaintiff*
201 1st Street NW, 2nd Floor
Cleveland, TN 37311
(423) 476-4708

## COST BOND

We, the undersigned Principal and Surety, do hereby acknowledge ourselves as security for the costs of this cause, not to exceed $1,000.00.

_/s/ Kristen Soto_
KRISTEN SOTO, Plaintiff - PRINCIPAL

_/s/ Wilton Marble_
WILTON MARBLE, SURETY

# STATE OF TENNESSEE
# THE CHANCERY COURT OF POLK COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION NUMBER 2013-CV-14

| KRISTEN SOTO | VS. | JONAH WRIGHT |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

To the above-named defendant(s): **Jonah Wright, 874 Postelle Road, Ducktown, Tennessee 37326**

You are hereby summoned and required to serve upon **Wilton Marble, Attorney**, Plaintiff's attorney, whose address is **201 1st Street, 2nd Floor, Cleveland, TN 37311** a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 4 day of April, 2013.

_Kim Ingram_
Clerk & Master

_Deputy Clerk_

[SEAL - POLK COUNTY, TENN. CHANCERY]

## RETURN

I received this summons on the ___ day of _____, 20___.

I:

[ ] served this summons and a complaint on defendant _____ in the following manner: _____

[ ] failed to serve this summons within 30 days after its issuance because: _____

ADA FOR ASSISTANCE CALL 423-338-4522

Process Server _____

## NOTICE

**TO THE DEFENDANT(S):**
Tennessee law provides a four thousand dollar ($4000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of the these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CHANCERY-SUMMONS (11/03)

# IN THE CHANCERY COURT OF POLK COUNTY, TENNESSEE

| | |
|---|---|
| KRISTEN SOTO<br>Plaintiff | )<br>)<br>) |
| v. | )<br>)<br>) |
| TERRY WRIGHT, JONAH WRIGHT<br>& AMES RUBBER MANUFACTURING<br>CO. INC.<br>Defendants | )<br>)<br>)<br>) |

APR 0 4 2013

Kimberly A. Ingram, Clerk & Master
By _____ D.C.

NO.: 2013-CV-14

## COMPLAINT

Comes now the Plaintiff, Kristen Soto, and for her cause of action against the Defendants states as follows:

1. Plaintiff is a citizen and resident of Polk County, Tennessee.

2. Upon information and belief Defendants Terry Wright and Jonah Wright are citizens and residents of Fannin County, Georgia.

3. Upon information and belief Defendant Ames Rubber Manufacturing Co. Inc. is a California based corporation with a business address of 4516 Brazil Street, Los Angeles, California 90039-1035.

4. Defendant Ames Rubber Manufacturing Co. Inc. does business in the State of Tennessee with a manufacturing facility located at 874 Postelle Road, Ducktown, Tennessee 37326.

5. Defendant Ames Rubber Manufacturing Co. Inc. maintains a Registered Agent for Service of Process in Tennessee with an address of: Terry Wright, 874 Postelle Road, Ducktown, Tennessee 37326.

6. Plaintiff maintains that this Court has personal jurisdiction over these foreign Defendants pursuant to the Tennessee Long-Arm Statute as the acts complained

of occurred in this State and all three Defendants have significant contacts with this State.

7. The acts complained of occurred at 874 Postelle Road, Ducktown, Polk County, Tennessee and thus pursuant to T.C.A. §20-4-102, T.C.A. §20-4-104 & T.C.A. §20-4-106 venue is proper in Polk County, Tennessee.

8. Defendant Ames Rubber Manufacturing Co. Inc. employs more than 8 people.

9. On or about March 2012 Plaintiff was hired, as an employee, by Defendant Ames Rubber Manufacturing Co. Inc.

10. Defendants Terry Wright and Jonah Wright were also employees of Ames Rubber Manufacturing Co. Inc at this time. Terry Wright was the general manager of the Ducktown manufacturing facility and had actual supervisory authority over Plaintiff. Jonah Wright was the supervisor of the Shipping Department on the Ducktown manufacturing facility and had actual or apparent supervisory authority over the Plaintiff. Defendant Jonah Wright is the son of Defendant Terry Wright.

11. On or about May 2012 Defendant Jonah Wright began a pattern of sexual harassment directed at the Plaintiff making lewd comments to her and repeatedly asking her for sexual favors. Specifically, Defendant Jonah Wright gave Plaintiff his cell phone and directed her to go to the bathroom and take a picture of her bare breasts for him. Plaintiff refused and then Defendant Jonah Wright asked Plaintiff to give him a "blowjob".

12. Plaintiff rebuffed these advances but Defendant Jonah Wright thereafter continued this conduct, on several occasions asking the Plaintiff to give him a "blowjob". Plaintiff rebuffed these advances and Defendant Jonah Wright told

her, "I am going to make your life hell until you leave here. I am the cock of the walk in case you ain't noticed".

13. Thereafter, Plaintiff reported this conduct to Defendant Terry Wright who was the general manager of the Ducktown manufacturing facility.

14. Defendant Terry Wright took no action to put an end to the conduct of his son. Instead Defendant Terry Wright stated to Plaintiff that Plaintiff "could not take a joke" and that Plaintiff should apologize to Jonah Wright.

15. Plaintiff maintains that she did nothing to incite or encourage this harassment and she avers that it was based upon her sex and affected the terms and conditions and privileges of her employment, thereby creating a hostile work environment in violation of the Tennessee Human Rights Act.

16. Plaintiff maintains that the harassment continued and that Defendants retaliated against her for reporting this harassment: by refusing to give her the tools to do her job and then castigating her for failing to do it, by timing her job performance and giving her only 5 seconds to complete a task when none of the other employees (even those doing the same task) were timed, by encouraging the other employees to shun her (all but one refused to talk to her after she reported the harassment), by walking away from her saying nothing when she would ask a question about how to do a particular task and then castigating her if she did it wrong and finally by reassigning her to a more menial position and refusing to instruct her on how to perform job tasks of this new position and then terminating her for not doing the job properly on or about June 22, 2012.

17. In the alternative Plaintiff maintains that she was constructively discharged on or about June 22, 2012.

18. As a direct and proximate result of the sexual harassment which Plaintiff had to undergo she was humiliated and embarrassed, and the unrelenting pursuit of her by Defendant Jonah Wright, over her protests and admonitions, caused her to suffer much mental and physical anxiety and pain.

19. Further as a result of the Defendants' collective sexual harassment and failure to correct the same, Plaintiff lost her job, which was paying her approximately $1,300 per month, and further lost the employee benefits she would have been receiving shortly thereafter.

20. Plaintiff attempted to mitigate her damages by searching for other work. The only job she was able to find required that she drive approximately 45 minutes to get to work, paid only minimum wage, offered only part-time hours and offered no benefits. This was not economical and after a short time Plaintiff resigned. Plaintiff has not been able to find full time employment in her area since.

21. Plaintiff avers that she is entitled to be reinstated at her former job or in a comparable job not under the supervision of Jonah Wright or Terry Wright or, in the alternative; she is entitled to "front pay" in lieu of reinstatement.

22. Plaintiff avers that pursuant to T.C.A. § 4-21-306(a)(8), in addition to her actual/compensatory damages and damages for humiliation and embarrassment, she is entitled to recover reasonable attorney's fees, for which she makes a claim.

23. Plaintiff has also timely filed a claim with the EEOC for violation of Title VII of the U.S. Code.

WHEREFORE, Plaintiff demands judgment against the Defendants for lost wages and the value of all employment benefits which she has lost since June 22, 2012, that the Court award the

Plaintiff "front pay" and benefits in lieu of reinstatement to her old job and damages for humiliation and embarrassment, pain and suffering, emotional distress, attorney's fees as provided by law, and such further legal and equitable relief to which she may be entitled.

RESPECTFULLY SUBMITTED this 2nd day of March, 2013.

_____
KRISTEN SOTO Plaintiff

_____
WILTON MARBLE, BPR #028513
*Attorney for the Plaintiff*
201 1st Street NW, 2nd Floor
Cleveland, TN 37311
(423) 476-4708

## COST BOND

We, the undersigned Principal and Surety, do hereby acknowledge ourselves as security for the costs of this cause, not to exceed $1,000.00.

_____
KRISTEN SOTO Plaintiff - PRINCIPAL

_____
WILTON MARBLE, SURETY